J-S49029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT ALLEN | |
| Appellant | No. 3314 EDA 2013 |

Appeal from the PCRA Order October 24, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0335082-1993

BEFORE:  OLSON, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 17, 2014**

Robert Allen appeals from the order entered October 24, 2013, in the Philadelphia County Court of Common Pleas dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*. Allen seeks relief from the judgment of sentence of life imprisonment imposed on October 19, 1994, after a jury found him guilty of second-degree murder, robbery, kidnapping, and recklessly endangering another person.[1]  On appeal, Allen argues the PCRA court erred in determining his petition was untimely filed when he demonstrated an exception to the timeliness requirements, namely, that the United States Supreme Court's decisions in **Missouri v. Frye**, 132 S.Ct. 1399 (U.S. 2012), and **Lafler v.**

_____

[1] 18 Pa.C.S. §§ 2502(b), 3701, 2901 and 2705, respectively.

*Cooper*, 132 S.Ct. 1376 (U.S. 2012), recognized a constitutional right, applicable to the facts of his case, that "wasn't being considered correctly." Allen's Brief at 4. For the reasons set forth below, we affirm.

On October 18, 1994, a jury found Allen guilty of the above-stated charges for his role in the murder and carjacking of Dr. Yeong Ho Yu on February 14, 1993. The next day, the trial court imposed a sentence of life imprisonment for the charge of second-degree murder.[2] This Court affirmed the judgment of sentence on December 20, 1995. *Commonwealth v. Allen*, 674 A.2d 310 (Pa. Super. 1995) (unpublished memorandum).

On July 8, 1996, Allen filed a timely, *pro se* PCRA petition. Counsel was appointed, but later filed a petition to withdraw and accompanying *Turner*/*Finley*[3] "no-merit" letter. By order entered June 19, 1997, the PCRA court dismissed Allen's petition and granted counsel's petition to withdraw. Thereafter, a panel of this Court affirmed the order on appeal, and the Pennsylvania Supreme Court denied Allen's petition for review. *Commonwealth v. Allen*, 724 A.2d 950 (Pa. Super. 1998), *appeal denied*, 734 A.3d 392 (Pa. 1998).

---

[2] No further punishment was imposed on the remaining charges.

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On May 2, 2005, Allen filed his second PCRA petition, *pro se*. The PCRA court dismissed the petition on August 31, 2005, and Allen did not file an appeal.

The instant petition, Allen's third, was filed on April 16, 2012. On July 22, 2013, the PCRA court sent Allen notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss the petition without first conducting an evidentiary hearing. Although Allen filed a *pro se* response on July 31, 2013, the PCRA court ultimately dismissed the petition as untimely filed on October 24, 2013. This timely appeal followed.[4]

When reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by record evidence and is free of legal error. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

Here, the PCRA court determined that Allen's petition was untimely filed. The PCRA mandates that any petition for relief, "including a second or

_____

[4] The PCRA court did not direct Allen to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

subsequent petition, shall be filed within one year of the date the judgment becomes final[.]"  42 Pa.C.S. §9545(b)(1).

> The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed.  The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.

*Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (internal citations omitted).

Allen's judgment of sentence became final on January 19, 1996, thirty days after this Court affirmed his sentence on direct appeal, and Allen failed to file a petition for review in the Pennsylvania Supreme Court.  Therefore, Allen had until January 19, 1997, to file a timely PCRA petition.[5]  The present petition, filed on April 18, 2012, more than 15 years later, is patently untimely.

However, the Act provides three exceptions to the time-for-filing requirements.  An otherwise untimely petition is not time-barred if a petitioner can plead and prove that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[5] We note Allen did file a timely PCRA petition on July 8, 1996.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Further, any petition invoking one of the time-for-filing exceptions, must be filed "within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).

Here, Allen invoked the newly recognized constitutional right exception, set forth in subsection (b)(1)(iii), based upon the United States Supreme Court decisions in *Frye* and *Lafler*. Preliminarily, we note that Allen has met the timing requirement in subsection (b)(2), since he filed the present petition on April 18, 2012, less than 60 days after the *Frye* and *Lafler* decisions were filed on March 21, 2012.

In *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002), our Supreme Court explained the parameters of the newly recognized constitutional right exception:

Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral

- 5 -

review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002).

Relying on a recent decision of this Court, *Commonwealth v. Feliciano*, 69 A.3d 1270 (Pa. Super. 2013), the PCRA court concluded "neither *Frye* nor *Lafler* created a new constitutional right that applies retroactively." PCRA Court Opinion, 2/20/2014, at unnumbered 4. We agree.

In *Frye*, the United States Supreme Court considered "whether the constitutional right to counsel extends to the negotiation and consideration of plea offers that lapse or are rejected." *Frye*, *supra*, 132 S. at 1404. In concluding that it does, the Court held "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id.* at 1408. In *Lafler*, decided the same day, the Court considered the parameters of the prejudice prong of an ineffectiveness claim when "counsel's advice with respect to the plea offer fell below the standard of adequate assistance of counsel guaranteed by the Sixth Amendment[.]" *Lafler*, *supra*, 132 S. Ct. at 1383. The *Lafler* Court held:

> In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's

terms would have been less severe than under the judgment and sentence that in fact were imposed.

***Id.*** at 1385.

This Court, in ***Feliciano***, ***supra***, considered whether ***Frye*** and ***Lafler*** created new constitutional rights sufficient to invoke the timeliness exception set forth in Section 9545(b)(1)(iii). Concluding they did not, this Court opined:

> [The ***Frye*** and ***Lafler***] decisions simply applied the Sixth Amendment right to counsel, and the ***Strickland***[6] test for demonstrating counsel's ineffectiveness, to the particular circumstances at hand, *i.e.* where counsel's conduct resulted in a plea offer lapsing or being rejected to the defendant's detriment. Accordingly, Appellant's reliance on ***Frye*** and ***Lafler*** in an attempt to satisfy the timeliness exception of section 9545(b)(1)(iii) is unavailing.

***Feliciano***, ***supra***, 69 A.3d at 1277. Although Allen argues ***Feliciano*** was wrongly decided, we disagree. Furthermore, it is axiomatic that one panel of this court "is not empowered to overrule another panel of the Superior Court." ***Commonwealth v. Beck***, 78 A.3d 656, 659 (Pa. 2013).

However, even if we did determine that the ***Frye*** and ***Lafler*** decisions announced a new constitutional right, the United States Supreme Court has **not** determined that ***Frye*** and ***Lafler*** should apply retroactively. ***See*** 42 Pa.C.S. § 9545(b)(1)(iii); ***Abdul-Salaam***, ***supra***, 812 A.2d at 501. More

---

[6] ***Strickland v. Washington***, 466 U.S. 668 (1984).

importantly, Allen fails to explain in his brief how the decisions in **Frye** and **Lafler** apply to the facts of his case.

Therefore, we agree with the ruling of the PCRA court that Allen's third PCRA petition was untimely filed, and Allen failed to demonstrate the applicability of one of the time for filing exceptions. Accordingly, we affirm the order denying relief.

Order affirmed.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/17/2014